**O**

NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JULIE ZEMAN, on behalf of the UNITED STATES OF AMERICA,

               Plaintiff,

    v.

USC UNIVERSITY HOSPITAL,

               Defendant.

  )
  )
  )
  )
  )
  )
  )
  )
  )
  )
  )

Case No. CV 11-05755 DDP (MRWx)

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

[Dkt No. 10]

    Presently before the court is Defendant USC University Hospital ("the Hospital")'s Motion to Dismiss.  Having considered the submissions of the parties and heard oral argument, the court grants the motion and adopts the following order.

**I.   Background**

    The Medicare program provides certain health care benefits to eligible elderly and disabled people.  See Maximum Comfort Inc. v. Sec'y of Health and Human Servs., 512 F.3d 1081, 1083 (9th Cir. 2007); Vencor Inc. v. Nat'l States Ins. Co., 303 F.3d 1024, 1026 (9th Cir. 2002); Alhambra Hosp. v. Thompson, 259 F.3d 1071, 1072 (9th Cir. 2001).  Hospitals are reimbursed through private fiscal

administrators, who are themselves regulated by the Department of Health and Human Services.  <u>Alhambra Hosp.</u>, 259 F. 3d at 1072.

Relator Julia Zeman is covered by Medicare.  (Complaint ¶ 11.) Zeman "receives her Medicare services through a Medicare managed plan administered by third party companies . . . ."  (Compl. ¶ 12.) Zeman underwent foot surgeries at USC Hospital on August 25, 2008, April 30, 2009, October 27, 2009, and February 15, 2011.  (Compl. ¶¶ 14-16, 32.)  Dr. David Thorardson performed the surgeries. (Compl. ¶ 11.)  Zeman later received Hospital bills that Zeman alleges are improper in two ways.  (Compl. ¶ 13, 18, 19, 21.) First, Zeman alleges that the Hospital improperly billed her for post-operative office visits within ninety days of a surgery, in violation of Medicare regulations.  (Compl. ¶¶ 18, 19, 35, 38, 41.) Second, Zeman alleges that the Hospital improperly billed her for medical services that were not provided at any Hospital facility. (Compl. ¶ 21.)

On July 13, 2011, Zeman filed a qui tam complaint against the Hospital for violations of the False Claims Act, 31 U.S.C. §§ 3729-3733.  The complaint alleges that the Hospital knowingly presented false or fraudulent claims to Medicare and used false records to get the fraudulent claims approved.  The government did not intervene.[1]  The Hospital now moves to dismiss Zeman's complaint.

**II.  Legal Standard**

---

[1] Under the False Claims Act, 31 U.S.C. §§ 3729-3733, a private party may bring suit, under seal, on behalf of the government as a <u>qui tam</u> relator.  If the government elects not to intervene, the case proceeds as a normal civil action.  <u>See</u> <u>Aflatooni ex rel United States v. Kitsap Physicians Serv.</u>, 314 F. 3d 955, 998 n.2 (9th Cir. 2002).

1   A complaint will survive a motion to dismiss when it contains
2   "sufficient factual matter, accepted as true, to state a claim to
3   relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S.
4   662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544,
5   570 (2007)).  When considering a Rule 12(b)(6) motion, a court must
6   "accept as true all allegations of material fact and must construe
7   those facts in the light most favorable to the plaintiff." Resnick
8   v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000).  Although a complaint
9   need not include "detailed factual allegations," it must offer
10  "more than an unadorned, the-defendant-unlawfully-harmed-me
11  accusation."  Iqbal, 556 U.S. at 678.  Conclusory allegations or
12  allegations that are no more than a statement of a legal conclusion
13  "are not entitled to the assumption of truth." Id. at 679.   In
14  other words, a pleading that merely offers "labels and
15  conclusions," a "formulaic recitation of the elements," or "naked
16  assertions" will not be sufficient to state a claim upon which
17  relief can be granted.  Id. at 678 (citations and internal
18  quotation marks omitted).
19    "When there are well-pleaded factual allegations, a court should
20  assume their veracity and then determine whether they plausibly
21  give rise to an entitlement of relief." Id. at 679.  Plaintiffs
22  must allege "plausible grounds to infer" that their claims rise
23  "above the speculative level." Twombly, 550 U.S. at 555.
24  "Determining whether a complaint states a plausible claim for
25  relief" is a "context-specific task that requires the reviewing
26  court to draw on its judicial experience and common sense."  Iqbal,
27  556 U.S. at 679.
28  **III. Discussion**

1    To prevail on a False Claims Act claim, a plaintiff must show
2    that (1) the defendant made a claim against the United States, (2)
3    the claim was false or fraudulent, and (3) the defendant knew that
4    the claim was false or fraudulent.   Aflatooni ex rel United States
5    v. Kitsap Physicians Serv., 314 F. 3d 955, 1000 (9th Cir. 2002).
6    False Claims Act complaints must also satisfy the heightened
7    pleading standard of Federal Rule of Civil Procedure 9(b).   Cafasso
8    ex rel. United States v. General Dynamics C4 Systems, Inc., 637
9    F.3d 1047, 1054 (9th Cir. 2011).   Rule 9(b) requires that a
10   pleading identify, with particularity, the "who, what, when, where,
11   and how, of the misconduct charged, as well as what is false and
12   misleading about the purportedly fraudulent statement, and why it
13   is false."   Id. at 1954-1055 (citing Ebeid ex rel. United States v.
14   Lunqwitz, 616 F.3d 993, 998 (9th Cir. 2010) (internal quotations
15   and alterations omitted)).

16       It is a "fairly obvious notion" that a False Claims Act suit
17   requires a false claim.   Cafasso, 637 F.3d at 1055 (citing
18   Aflatooni, 314 F.3d at 997.)   Zeman's complaint does not allege
19   that the Hospital submitted any claims to the United States.   Zeman
20   argues that she has nevertheless satisfied the false claim element
21   because she has alleged that she "receives her Medicare services
22   through a medicare managed plan administered by third party
23   companies."   (Compl. ¶ 12; Opp. at 8.)   The mere fact that
24   Plaintiff received a bill, however, does not necessarily establish
25   that the service was covered by Medicare in the first instance or
26   indicate that the Hospital submitted any claims, let alone false or
27   fraudulent claims, to the United States.

28

4

1    In the absence of a properly pled false claim, a complaint may
2 nevertheless warrant the inference that false claims are part of an
3 alleged fraudulent scheme. <u>Cafasso</u>, 637 F.3d at 1056.  It is not
4 enough, however "to describe a private scheme in detail but then to
5 allege simply and without any stated reason . . . that claims
6 requesting illegal payments must have been submitted." <u>Aflatooni</u>,
7 314 F.3d at 1002 (quotation and citation omitted).  Here, the
8 complaint only alleges that Zeman received bills for certain
9 services on certain dates.  As such, the complaint does not allege
10 any particular nefarious scheme with sufficient detail to warrant
11 the inference that the Hospital actually and knowingly submitted
12 false claims to the United States.

13 **IV.  Conclusion**

14    For the reasons stated above, Defendant's Motion to Dismiss
15 is GRANTED, with leave to amend.[2]  Any amended complaint shall be
16 filed within fourteen days of the date of this order.

17

18 IT IS SO ORDERED.

19

20

21 Dated: February 19, 2013

                                        DEAN D. PREGERSON
22                                      United States District Judge

23

24

25

26

27 _____

28    [2] The court does not here address whether Defendant's billing
practices are permissible under Medicare regulations.