O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE ZEMAN, on behalf of the UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> USC UNIVERSITY HOSPITAL, <br><br> Defendant. | Case No. CV 11-05755 DDP (MRWx) <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** <br><br> [Dkt No. 30] |

Presently before the court is Defendant USC University Hospital ("the Hospital")'s Motion to Dismiss. Having considered the submissions of the parties and heard oral argument, the court grants the motion and adopts the following order.

**I.  Background**

The Medicare program provides certain health care benefits to eligible elderly and disabled people. See Maximum Comfort Inc. v. Sec'y of Health and Human Servs., 512 F.3d 1081, 1083 (9th Cir. 2007); Vencor Inc. v. Nat'l States Ins. Co., 303 F.3d 1024, 1026 (9th Cir. 2002); Alhambra Hosp. v. Thompson, 259 F.3d 1071, 1072

///

(9th Cir. 2001). Relator Julia Zeman is covered by Medicare. (First Amended Complaint ("FAC") ¶ 11.)

Zeman underwent eight outpatient surgeries at USC Hospital between September 6, 2007 and November 1, 2011. (FAC ¶ 12.) Dr. David Thorardson performed six of the surgeries and Dr. Wesley Schooler performed the other two. (FAC ¶ 15.) Zeman occasionally returned to the Hospital for follow-up visits with her surgeons within ninety days of her various procedures. (FAC ¶ 17.) In October 2009, the Hospital began billing Zeman for "office visits" and "clinic services" using Medicare billing code 99211. (FAC ¶¶ 14, 19.)

Zeman alleges that these billings were improper because Medicare regulations prohibit charges for follow-up care within ninety days of a major surgery. (FAC ¶¶ 17, 22-23.) On July 13, 2011, Zeman filed a qui tam complaint against the Hospital for violations of the False Claims Act, 31 U.S.C. §§ 3729-3733. The complaint alleges that the Hospital knowingly presented false or fraudulent claims to Medicare and used false records to get the fraudulent claims approved. The government did not intervene.[1] The Hospital now moves to dismiss Zeman's First Amended Complaint.

**II. Legal Standard**

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S.

---

[1] Under the False Claims Act, 31 U.S.C. §§ 3729-3733, a private party may bring suit, under seal, on behalf of the government as a qui tam relator. If the government elects not to intervene, the case proceeds as a normal civil action. See Aflatooni ex rel United States v. Kitsap Physicians Serv., 314 F.3d 955, 998 n.2 (9th Cir. 2002).

2

662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." Id. at 679. In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. Id. at 678 (citations and internal quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Id. at 679. Plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level." Twombly, 550 U.S. at 555. "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

**III. Discussion**

The issue presented here is whether the Hospital violated Medicare's "global surgery rule." For major surgical procedures, Medicare pays surgeons a single amount for all services typically

3

rendered by the surgeon in the time period spanning from one day prior to the surgery to ninety days following the procedure.  77 Fed. Reg. 68892, 68911 (Nov. 16, 2012).  Postoperative visits related to recovery of the surgery fall within this "global surgical package."  Medicare Claims Processing Manual, Chapter 12, § 40.1A.

Hospital-provided outpatient services, however, fall under a different framework.  75 Fed. Reg. 71800, 71806 (Nov. 24, 2010) ("The O[utpatient] P[rospective] P[ayment] S[ystem] includes payment for most hospital outpatient services[.]" Medicare's physician fee schedules are separate from, and have no bearing upon, the OPPS.  Id. at 71870.  OPPS does not include any "provision for hospital outpatient services analogous to the global period affecting payments for professional services made under the Medicare physician fee schedule."  65 Fed. Reg. 18434, 18448 (Apr. 7, 2000).

The Hospital argues that the global surgery rule applies only to surgeons, not to outpatient clinic services such as those Zeman received from the Hospital.  Zeman implicitly concedes as much.[2] [3]

---

[2] Zeman's position regarding "facility fees" is somewhat unclear.  While the bulk of her opposition is devoted to her contention that there is no factual basis to conclude that the Hospital billed her for "facility fees or "overhead," Zeman later contends that "facility fee" charges are not permitted.  (Opp. at 10.)  To support her contention, however, Zeman cites to Chapter 12 of the Medicare Claims Processing Manual, which governs the Physicians Fee Schedule.  As explained above, the Physicians Fee Schedule is separate and distinct from the outpatient services system (OPSS).

[3] The Medicare Claims Processing Manual expressly provides for separate hospital "facilities charges" in connection with clinic services provided by physicians at Skilled Nursing Facilities. MCPM Chapter 6, § 20.1.1.  Like OPSS, the SNF Prospective Payment
(continued...)

4

1  Zeman argues, however, that the Hospital's motion is in fact a
2  motion for summary judgment, and that factual issues regarding the
3  basis for the Hospital's bills remain.  (Opp. at 6.)  In other
4  words, Zeman argues that it remains to be seen whether, as she
5  argues, the Hospital was in fact billing her for "surgeon fees," in
6  violation of Medicare's global surgery rule.  (Opp. at 8.)
7      Zeman's argument, however, contradicts her FAC, which alleges
8  that "Defendant repeatedly charged for clinic visits" and "office
9  visit[s]."  (FAC ¶ 22.)  The global surgery rule, however, applies
10 only to the package of services "typically furnished by the surgeon
11 furnishing the procedure during the global period."  77 Fed. Reg.
12 at 68911.  Despite the opposition's suggestion that the Hospital
13 actually billed Zeman for surgeon fees in the guise of clinic or
14 office visit charges, there is no such allegation in the FAC as
15 currently pled.  The FAC, therefore, fails to state a claim that
16 the Hospital violated the global surgery rule and presented false
17 claims to Medicare, and must be dismissed.
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///

---

[3](...continued)
System is separate from the physician fee schedule, to which the global surgery rule applies.  Id.  Albeit in the context of SNF protocols and procedures, the MCPM states that "hospitals bill for 'facility charges' under . . . codes in the range of 99201-99245.  Id.  The court notes that the bills at issue here utilized code 99211, which falls within this "facility charge" range.  (FAC ¶ 19.)

**IV. Conclusion**

For the reasons stated above, Defendant's Motion to Dismiss the FAC is GRANTED, with leave to amend. Any amended complaint shall be filed within fourteen days of the date of this order.

IT IS SO ORDERED.

Dated: June 6, 2013

DEAN D. PREGERSON
United States District Judge