O

NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA ZEMAN, on behalf of the UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>USC UNIVERSITY HOSPITAL,<br><br>　　　　　　Defendant. | Case No. CV 11-05755 DDP (MRWx)<br><br>**ORDER RE: MOTIONS FOR SUMMARY JUDGMENT**<br><br>[Dkt. Nos. 66, 67, 70, 76] |

　　　Presently before the court are the parties' cross-motions for summary judgment. Having considered the submissions of the parties and heard oral argument, the court grants Defendant's motion, denies Plaintiff's motion, and adopts the following order.

**I.　Background**

　　　As explained in this court's earlier orders, Relator Julia Zeman is covered by the Medicare program. (SAC ¶ 11.) Medicare provides certain health care benefits to eligible elderly and disabled people. See Maximum Comfort Inc. v. Sec'y of Health and Human Servs., 512 F.3d 1081, 1083 (9th Cir. 2007); Vencor Inc. v. Nat'l States Ins. Co., 303 F.3d 1024, 1026 (9th Cir. 2002);

<u>Alhambra Hosp. v. Thompson</u>, 259 F.3d 1071, 1072 (9th Cir. 2001).

Zeman underwent eight outpatient orthopedic surgeries between September 6, 2007 and November 1, 2011. (SAC ¶ 16.) The surgeries all took place at an Ambulatory Surgical Center ("ASC") owned and operated by Defendant USC University Hospital ("the Hospital"), but adjacent to the main hospital facility.[1] (SAC ¶¶ 3, 13.) Zeman occasionally returned for follow-up visits with her surgeons within ninety days of her various procedures. (SAC ¶ 18.)

In October 2009, Defendant began to operate the orthopedic practice at the ASC as part of the hospital itself. (SAC ¶ 3.) At that time, the Hospital notified patients that they would thereafter be receiving two separate bills, one from the medical group practice for physician's services and the other from the Hospital for overhead, facility fees, and technical services. (Declaration of Scott Evans in Support of Defendant's Motion ¶¶ 6-7, Ex. E.) Plaintiff was charged additional fees of about $95.63 for follow-up "office visits," "clinic," and "clinic services". (SAC ¶¶ 15, 20.) The Hospital did not bill for every office visit, however. (SAC ¶ 18.)

Zeman alleges that these billings were improper because Medicare regulations prohibit charges for follow-up care within ninety days of a major surgery. (SAC ¶¶ 13-14.) On July 13, 2011, Zeman filed a qui tam complaint against the Hospital for violations of the False Claims Act, 31 U.S.C. §§ 3729-3733. The complaint

---

[1] Though the SAC alleges that the Hospital owned and operated the ASC at all relevant times, the SAC also alleges that Defendant purchased the ASC in April 2009, between Plaintiff's second and third surgeries. (SAC ¶¶ 3, 16.)

alleged that the Hospital knowingly presented false or fraudulent claims to Medicare and used false records to get the fraudulent claims approved. The government did not intervene.[2] This court dismissed Plaintiff's original complaint and First Amended Complaint, with leave to amend. Plaintiff then filed the SAC, which the Hospital also moved to dismiss.

This court denied Defendant's Motion to Dismiss the SAC. (Dkt. 44.) The court explained, however, that "facility fee" charges did not fall within the ambit of Medicare regulations prohibiting charges for follow-up surgical services within ninety days of a covered procedure. Nevertheless, the court denied Defendant's Motion because Plaintiff's SAC alleged that Plaintiff was charged not for "facility fees," but rather for services labeled "clinic," "clinic services," or "office visit." (SAC ¶ 20.) Thus, Plaintiff alleged, "Defendant . . . was simply trying to use overhead recovery as a guise to improperly collect for professional services rendered by its physicians." (SAC ¶ 18.) The court therefore allowed Plaintiff's claim that the Hospital intentionally mislabeled its bills to proceed.

The parties each now move for summary judgment.

## II. Legal Standard

Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no

---

[2] Under the False Claims Act, 31 U.S.C. §§ 3729-3733, a private party may bring suit, under seal, on behalf of the government as a qui tam relator. If the government elects not to intervene, the case proceeds as a normal civil action. See Aflatooni ex rel United States v. Kitsap Physicians Serv., 314 F. 3d 955, 998 n.2 (9th Cir. 2002).

3

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). All reasonable inferences from the evidence must be drawn in favor of the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 242 (1986). If the moving party does not bear the burden of proof at trial, it is entitled to summary judgment if it can demonstrate that "there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 323.

Once the moving party meets its burden, the burden shifts to the nonmoving party opposing the motion, who must "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256. Summary judgment is warranted if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. A genuine issue exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and material facts are those "that might affect the outcome of the suit under the governing law." Anderson, 477 U.S. at 248. There is no genuine issue of fact "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

It is not the court's task "to scour the record in search of a genuine issue of triable fact." Keenan v. Allan, 91 F.3d 1275, 1278 (9th Cir. 1996). Counsel has an obligation to lay out their support clearly. Carmen v. San Francisco Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001). The court "need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposition papers with adequate references so that it could conveniently be found." Id.

**III. Discussion**

    A.  Absence of a Genuine Dispute

Defendant argues, with references to Plaintiff's bills, that it did not bill for anything other than legitimate facility fees. (Defendant's Motion at 16-20.) Plaintiff's motion, and opposition to Defendant's motion, is premised not on the characterization of the various bills, but rather on the newly-raised argument that the facilities fees Defendant billed were duplicative and violative of 42 C.F.R. § 413.65. (Plaintiffs Mot. at 1; Plaintiff's Opp. at 1.) Section 413.65 sets forth requirements facilities must meet to obtain "provider-based" status. The crux of Plaintiff's position appears to be that Defendant's outpatient facility fails to meet the requirements of 42 C.F.R. § 413.65(d)(g), not qualify as "provider based," and therefore cannot fall under an exception to the 90-day global surgery rule. (Plaintiff's Mot. at 1.)

Critically, for purposes of these motions, Plaintiff's Second Amended Complaint makes no reference to 42 C.F.R. § 413.65, and makes no allegations regarding the outpatient clinic's "provider-based" status or lack thereof. Plaintiff contends that she did not discover the facts underlying her new position until discovery had

commenced in this case, and that she should not be limited to the facts contained in the SAC. (Plaintiff's Opp. At 1.)

Plaintiff's argument is untenable. "Simply put, summary judgment is not a procedural second chance to flesh out inadequate pleadings." Wasco Prods., Inc. v. Southwall Techs., Inc., 435, F.3d 989, 992 (9th Cir. 2006). A plaintiff may not proceed at summary judgment on a theory that is not pleaded in the complaint. Ashley v. City and County of San Francisco, No. 12-cv-45-JST, 2014 WL 4627736 at *8 (N.D. Cal. Feb. 4, 2014) (citing La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest, 624 F.3d 1083, 1089 (9th Cir. 2010); See also Coleman v. Quaker Oats Co., 232 F.3d 1271, 1292-94 (9th Cir. 2000).

Federal Rule of Procedure Rule 8 is no salve to the deficiencies of Plaintiff's position. Plaintiff correctly states that Rule 8 requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Liberal though this standard may be, a complaint must provide a "defendant with fair notice of what the claim is and the grounds upon which it rests." Oliver v. Ralphs Grocery Co., 654 F.3d 903, 908 (9th Cir. 2011) (quotation marks and alterations omitted). Here, Plaintiff's Second Amended Complaint alleges only misclassified facility fees, and provides no indication of any claim premised upon a facility's lack of "provider based" status.

B. Leave to Amend

Plaintiff requests leave to file a Third Amended Complaint. Defendant, however, would clearly be prejudiced by Plaintiff's proposed amendment. Discovery in this case has closed. "A complaint guides the parties' discovery, putting the defendant on

notice of the evidence it needs to adduce in order to defend against the plaintiff's allegations." Coleman, 232 F.3d at 1292. At this stage, Defendant's ability to defend itself against Plaintiff's new allegations would be severely compromised. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608-09 (9th Cir. 1992).

**IV. Conclusion**

    For the reasons stated above, Plaintiff's Motion for Summary Judgment is DENIED. Defendant's Motion for Summary Judgment is GRANTED. Plaintiff's request for leave to amend is DENIED.

IT IS SO ORDERED.

Dated: November 12, 2014

                                        DEAN D. PREGERSON
                                        United States District Judge